# John Devine, Administrator of the Estate of Elizabeth Lampert, Deceased, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 15,866.

1. NEGLIGENCE—*declaration charging, construed.*   *Held,* that the declaration in this case charged negligence in failing to observe an ordinance requiring the fender to be not only substantially attached to the front end of the car but so attached as to guard passengers and pedestrians from being injured or being thrown under the wheels in case of collision or other accident.

2. EVIDENCE—*when entire ordinance, notwithstanding restrictions in offer, considered as having been received.*   *Held,* that under the rulings of the trial court the entire ordinance in question in this case, was to be considered as received in evidence notwithstanding the offer of such ordinance was limited to certain sections thereof.

3. INSTRUCTIONS—*what does not create presumption that all are not included in transcript.*   The mere omission of an express certificate that all instructions are included in the bill of exceptions will not create a presumption that some instructions are omitted.   *Held,* in this case, that it appeared from the entire transcript that all instructions offered were included in the bill of exceptions.

Action in case for death caused by alleged wrongful act.  Appeal from the Superior Court of Cook county; the HON. HOMER ABBOTT, Judge, presiding.   Heard in this court at the October term, 1909.   Affirmed. Opinion filed November 20, 1911.

EDWARD C. HIGGINS and WATSON J. FERRY, for appellant.

HENRY S. WILCOX, for appellee; CHARLES C. SPENCER and JESSE WILCOX, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The plaintiff in this case is the administrator of Elizabeth Lampert, who was killed July 20, 1904, by

a street car operated by the defendant corporation. She was fifty-three years of age. She left surviving her a husband and as next of kin six daughters, the oldest twenty-eight years of age and the youngest sixteen. The administrator, claiming that the death of his intestate was caused by "the wrongful act, neglect or default" of the Chicago City Railway Company, brought suit, in the Superior Court of Cook county under the "Campbell Act" of the State of Illinois, against the company for the benefit of said surviving husband and next of kin. He obtained from a jury in that court a verdict in his favor for $2,000. After a motion for a new trial and a motion in arrest of judgment made by the defendant company had been overruled by the court, judgment was rendered on this verdict.

An appeal followed to this court, in which, of the numerous alleged errors assigned, the counsel for the company insist on the following:

*First.* That there was no evidence so tending to support the plaintiff's case as to justify the submission of it to a jury. Therefore the court should have granted defendant's motion, made at the close of the plaintiff's evidence and renewed at the close of all the evidence, for a directed verdict, and erred in not doing so.

*Second.* That as this was not done, the court should have granted the motion for a new trial on the ground that the verdict was manifestly against the weight of the evidence, and erred in denying it.

*Third.* That the court erred in admitting improper evidence, namely, certain sections of an ordinance of the city of Chicago, hereinafter set forth.

*Fourth.* That the court erred in refusing each of three certain instructions (other than the requested peremptory instruction) tendered by the defendant.

*Fifth.* The court erred in allowing the jury to carry into the jury room and have in their possession during their deliberations a portion, which it is alleged was not in evidence, of the city ordinance hereinbefore

referred to, and erred in not granting a new trial because the jury thus had said portion of the ordinance with them in the jury room.

The declaration in the cause contained three counts.

As amended the first alleged that the defendant company was operating on July 20, 1904, a street railroad along Wentworth avenue and across 48th place in Chicago; that the plaintiff's intestate was on that date, in the exercise of ordinary care for her own safety, walking along 48th place and across Wentworth avenue; that the defendant company so negligently and carelessly ran and managed a car on its line that it then and there struck the deceased and killed her. The count also contained the necessary allegations as to the character in which the plaintiff sued and the kinship of the beneficiaries for whom he sued.

The second count made the gist of the action the allegation that by reason as well of the carelessness and negligence of the defendant in permitting Wentworth avenue (at the crossing of 48th place) to be between the rails of its northbound track, in violation of an ordinance under which it was there operating its road, rough and broken up, with a large stone projecting above the surface of the street,—as of its carelessness and negligence in running said car over the crossing, the deceased was, after unavoidably stumbling over said stone, struck and killed. As the court below instructed the jury that there could be no recovery on account of any defect in the street at the place of the accident, this count may be disregarded in our consideration of this appeal.

The third count, in addition to the formal allegations sets up an ordinance of the city of Chicago known as the "Fender Ordinance." This ordinance provides that each car on a street railroad shall be provided with "fenders of steel and of the basket kind, which shall be substantially attached to the front end thereof so as to guard passengers and pedestrians from be-

ing injured or thrown under the wheels in case of a collision or other accident.'' It is made unlawful by the said ordinance to use upon any street railroad in Chicago, after September 1, 1898, any car not so equipped.

The count then alleges that the defendant ''carelessly and negligently failed and neglected to provide'' the car which struck and killed Elizabeth Lampert ''with a fender of steel and of the basket kind which was substantially attached to the front end thereof, so as to guard passengers and pedestrians from being injured or thrown under the wheels in case of collision or other accident'', but * * ''carelessly and negligently, contrary to the provisions of said ordinance * * attached a fender to the said car * * in such manner that said fender was tilted upward and away from the street, so that when a person would fall in front of said car said person would not strike said fender * * but would fall under the wheels of said car.''

By reason of this and of the negligence of the defendant in running said car, the count charges that the plaintiff's intestate, without negligence on her part, fell under the wheels of the car and was run over, the said fender failing ''to catch the plaintiff and to prevent her from being thrown under the wheels.''

To this declaration the defendant company pleaded the general issue. A further plea that the plaintiff is not the administrator of the deceased was filed, but no such issue was made at the trial or is presented here.

There was evidence at the trial, proper and competent for submission to the jury, that Mrs. Lampert, the deceased, came to her death by being struck by a car of the defendant corporation running in a northerly direction on Wentworth avenue at the crossing of 48th place, and that the front trucks of the car behind the fender were on her body when the car came to a stop.

The evidence further tended to show that Mrs. Lampert was desirous of taking this car which struck her;

that she started to cross Wentworth avenue diagonally from the southwest to the northeast corner of 48th place, the northeast corner being the regular stopping place of the car; that in doing so she signalled with her hand for the car to stop; that she crossed the westerly or south-bound track and was between that and the easterly or north-bound track at a point just south of the northerly crosswalk of 48th place, when she stumbled and fell, her body falling across the north-bound track. It was when she was in that position the car struck her and crushed her, the forward trucks passing onto her body and killing her. The body was carried a considerable distance by the car before it stopped. The distance of the car from the crosswalk (at which the great weight of the evidence shows Mrs. Lampert fell) both when she started to cross the street and when she stumbled, and the speed at which the car was running up to and at the point at which it struck her, are variously stated and estimated by the respective witnesses, and were proper subjects for argument to the jury; but there was certainly testimony tending to show that when the deceased started to cross the street the car was far enough away to the south to make the attempt one consistent with ordinary care,—that her stumbling and falling was not the result of the want of such care,—and that the car in approaching a place where passengers might be generally expected and where it had been signalled to stop, was running at a rate of speed which the jury had a right to find negligent, in that it prevented the stopping of the car before it reached the prostrate body of the deceased.

The contention that a peremptory instruction for the defendant should have been given, must, on this ground alone, have been overruled. But there was also evidence sustaining the third count of the declaration. Counsel for appellant argue that the specific negligence charged in that third count was that the car was not equipped with a fender of steel and of the basket kind,

or, at the most, that it was not equipped with a fender of steel and of the basket kind ''substantially attached to the front of the car,'' and then claims that there is no evidence to show that the car did not have such a fender substantially attached. We think there was no such evidence, but we do not agree with counsel in his construction of the declaration.

The declaration does not charge the defendant with failure and neglect to provide the car with a fender of steel and of the basket kind substantially attached to the front end of the car, but with a failure and neglect to provide such a fender ''substantially attached to the front end, *so as to guard passengers and pedestrians from being injured or thrown under the wheels in case of collision or other accident.*'' This is the language of the ordinance. The fender is to be not only substantially attached to the front end of the car, but *so* attached (that is attached in such a manner) as to guard passengers and pedestrians from being injured or thrown under the wheels in case of collision or other accident.

There was conflicting testimony at the trial as to the position or arrangement of the fender when the accident occurred; but in conjunction with the facts that the body must have passed beneath and behind the fender before the front truck wheels could have run upon it, the testimony of one of the witnessess of the occurrence that ''the fender was up far enough to let her pass underneath and not catch her'' and ''the fender went over her body,'' ''It never touched her,'' and of another that ''I saw the fender a little before the car hit her. It was raised up a little bit;'' and of a third, ''The fender did not touch her—the end of it was up,'' in our opinion furnished evidence proper and sufficient to go to the jury on the liability of the defendant under the third count of the declaration. It tended to show negligence in an arrangement or ''at-

tachment'' of the fender and that it did not conform to the ordinance.

Nor do we think that the evidence offered on the part of the defendant company, which contradicts the testimony for the plaintiff which we have noted, or the impeachment of plaintiff's witnesses by evidence of contradictory statements, justifies us in setting aside the decision of the jury, to whom all these factors of the question were undoubtedly presented and argued. We cannot say that the verdict for the plaintiff was without support in the evidence nor clearly and manifestly against the weight of the evidence.

Nor do the other grounds urged for our reversal of the judgment seem to us sufficient. It is argued that only sections 1, 2 and 3 of the ''Fender Ordinance'' were offered or received in evidence, and that the omission in the offer and reception of sections 4, 5 and 6, left the portion which was offered and received without anything to show when it took effect, and without any proof that there was a penalty attached to its violation—each of which defects, it is insisted, made the ordinance or the proof of it invalid. Connected with this contention of the appellant is the further one that the whole ordinance, and not merely the first three sections, were given to the jury and taken by them to the jury room.

This purely technical objection falls if the whole ordinance be considered in evidence, and we see no escape from the position that it must be so considered. It is true that the plaintiff's counsel expressly limited his offer to sections 1, 2 and 3, but the court asked, ''What is the nature of it?'' and being told that it was ''an ordinance'' ruled that it might ''be admitted in evidence.'' Thereupon the entire ordinance, consisting of the six sections and certified to as an entirety by the city clerk as having been duly passed on July 6, 1908, approved on July 11, 1898, and published on July 23, 1898, was marked ''Exhibit B'', and is as such

exhibit made a part of the record. No objection to the offer of the three sections because the others were not included in it, was made, nor was any specific objection made to the marking of the six sections as one exhibit.

In addition to this, the certificate and the third section show when the ordinance was passed and when it went into effect. There is no harmful error committed in relation to this ordinance.

Complaint is made by appellant that certain instructions tendered by the defendant were refused by the court. The appellee insists that this point "cannot be made on this record, for *the record does not contain* nor does it purport to contain all the instructions given by the Court, and under such circumstances the presumption is that the giving of the omitted instructions cured the error, if any, in refusing the refused instructions."

If the plaintiff's counsel has warrant for his assertion in this argument, that the record does not contain all the instructions given by the court, some indication of it should appear in the record in some form. If it did, the appellee's answer to the alleged error in instructing the jury would be sufficient. But every indication in the record favors the presumption that all the instructions given or refused are therein included, and there is no claim that, as in the cases in the Supreme Court cited by appellee, the abstract does not contain all the instructions found in the record. This court has frequently held that neither with reference to evidence nor instructions will the mere omission of an express certificate that they are all included in the bill of exceptions, prevent in proper cases an assumption, from the arrangement and recitals of the record, that they are all so included.

Whether or not, in view of the direct statement of appellee's brief, that 24 instructions were given at the request of the defendant, although but 23 appear, this

is such a case, it is not necessary for us to decide, for we have given the appellant the benefit of any doubt and considered the record and abstract as containing all the instructions given or refused. We do not find, however, in that view that there was any reversible error in the refusal, of which complaint is made, of certain instructions tendered by the the defendant.

The instructions which would have taken the consideration of the third count of the declaration and the alleged negligence concerning the fender from the jury, are disposed of by what we have already said in relation to the sufficiency of the evidence to sustain the third count and in relation to the admission of the "Fender" ordinance.

As to the instruction which is numbered 34 in the abstract, we think it would have been well to give it and thus have covered and rendered unnecessary other instructions which were given at the request of the defendant and were not so concisely or compendiously put. But those others apparently were first offered, and in any event they cover, in our opinion, in their variety all the necessary phases of the case, and fully and fairly informed the jury of the law applicable thereto. We cannot hold the refusal of the more systematic statement of propositions already covered as reversible error.

The judgment of the Superior Court is affirmed.

*Affirmed.*